UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                      No. 10-CR-905-LTS

THEODORE JONES,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received and reviewed Mr. Jones' motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (Docket Entry No. 2338), and the parties' subsequent briefing (Docket Entry Nos. 2347 and 2349). Mr. Jones seeks a reduction of his sentence to time served and a modification of his terms of supervised release to accommodate his proposed release plan. (Docket Entry No. 2338.)

This Court has authority to reduce a defendant's sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). That provision states in relevant part:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the sentencing commission.

Until very recently, courts referred to U.S.S.G. § 1B1.13, Application Note 1 ("Note 1") as the applicable sentencing commission policy statement in connection with compassionate release motions. Note 1 defines "extraordinary and compelling reasons" by reference to three narrow

sets of factual circumstances, and further provides that "[o]ther reasons . . . [a]s determined by the Director of the Bureau of Prisons" may constitute extraordinary and compelling reasons for reduction of a term of imprisonment.  U.S.S.G. § 1B1.13, Application Note 1.  Under that framework, this Court has previously engaged in a three-step inquiry, determining first whether the defendant had met the administrative remedy exhaustion requirement, then considering whether there were extraordinary and compelling reasons of the type contemplated by Note 1, and if so, whether any of the 18 U.S.C. § 3553(a) factors outweighed those extraordinary and compelling reasons.

On September 25, 2020, the United States Court of Appeals for the Second Circuit held that section 1B1.13, which by its terms addresses only sentencing reduction motions initiated by the Bureau of Prisons, is not applicable to a motion brought by a defendant pursuant to 18 U.S.C. section 3582(c)(1)(A), as amended by the First Step Act of 2018.  U.S. v. Brooker No. 19-32180-CR, 2020 WL 5739712, at *6 (2d Cir. Sept. 25, 2020) (stating that the court reads the guideline provision as surviving the First Step Act amendments to section 3582(c)(1)(A) but as "applying only to those motions that the BOP has made.")  Accordingly, Note 1 "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."  Id.  Because "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," the Court looks to the provisions of the statute itself to guide the exercise of its discretion.  Id. at *7.  18 U.S.C. section 3582(c)(1)(A) directs that the Court determine whether extraordinary and compelling reasons exist "after considering the factors set forth in section 3553(a) to the extent they are applicable."

After determining whether Mr. Jones has exhausted his administrative remedies,[1] the Court now considers the section 3553(a) factors, and then determines whether those factors "in isolation or combination" establish that Mr. Jones' circumstances are "extraordinary and compelling" such that they warrant a reduction of his sentence.  Brooker, 2020 WL 5739712, at *9.  The Court exercises its discretion in this regard "in the first instance," id., and is limited by the statute only to the extent that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C.A. § 994(t) (Westlaw through Pub. L. No. 116-163) (emphasis added).  It remains Mr. Jones' burden to prove that an extraordinary and compelling reason exists.  See U.S. v. Gotti, No. 2-CR-743 (CM), 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020).

> Section 3553(a) directs that the Court
>
> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . [and] the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C.A. § 3553(a) (Westlaw through Pub. L. 116-163).  The Court considered these factors in connection with Mr. Jones' sentencing hearing on Sept. 27, 2018.  (Docket Entry No. 2214.)  Several of these factors remain unchanged.  The nature and circumstances of his offense remain

---

[1] Mr. Jones has exhausted his administrative remedies.  On approximately April 7, 2020, Mr. Jones requested that the BOP reduce his sentence based on his medical condition.  (Gov. Exh. B.)  On May 5, 2020, the BOP denied his request, stating that, while Jones has a chronic medical condition, he is not disabled or capable of only limited self-care because he does not require assistance with the activities of daily living.  (Gov. Exh. C.)

extremely serious, as the Court found that Mr. Jones' participation in the Rodriguez conspiracy was "directed to the most serious violent types of activity." (Id. at 29:14-15.) The circumstances of Mr. Jones' difficult childhood, criminal history, and lack of educational and personal support also necessarily remain unchanged. (Id. at 30:4-22.) Other factors that were material to the Court's sentencing determination are also constants, such as Mr. Jones' intellectual disabilities, the effect of his age on the likelihood of recidivism, and his genuine remorse. (Id. at 32:10-23.) Mr. Jones' efforts at self-rehabilitation were an important consideration at the time of sentencing as well. The Court varied downward from the 360 months to life stipulated guidelines range to a sentence of 240 months, anticipating that Mr. Jones would be able to reenter the community and build upon his ongoing self-rehabilitation efforts. (Id. at 32.)

Mr. Jones' health was deteriorating inexplicably at the time of sentencing. Since that time, after a long period of delay and further deterioration of his condition, he has been diagnosed with Multiple Sclerosis ("MS"), a terminal, degenerative disease that makes it unlikely that he will live long enough to complete his sentence, much less experience a quality of life upon release that would allow him to reestablish himself in society. He is unable to walk more than a few steps without a walker and is largely confined to a wheelchair. (Docket Entry No. 2338, Exh. A. at 3; Docket Entry No. 2349, at 1.) He is going blind (Docket Entry No. 2349, at 1), and has become incontinent. (Docket Entry No. 2338, at 6.) A consulting physician recommends that Mr. Jones be seen by a neurologist every three months and have new treatments prescribed to slow the progression of new disease activity when existing therapies are ineffective. (Docket Entry No. 2338, Exh. A, at 3.)

The need to provide Mr. Jones' with increasingly intensive medical care counsels in favor of a reduced sentence. In the context of the COVID-19 pandemic, his medical condition

presents an extraordinary and compelling reason which, after consideration of all of the section 3553(a) factors, warrants reducing his sentence to time served.  The treatment for his disease suppresses his immune system (Docket Entry No. 2338, Exh. A, at 4), and thereby likely increases the risk that he will be infected by and suffer serious complications from COVID-19 in the prison setting.  See People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited Oct. 19, 2020).  Those taking the medication prescribed to Mr. Jones are advised to isolate as much as possible during the pandemic.  (Docket Entry No. 2338, Exh. A, at 4.)  Mr. Jones' confinement to a wheelchair only further increases his vulnerability to the virus.  See What you Need to Know About Coronavirus (COVID-19), National Multiple Sclerosis Society, available at https://www.nationalmssociety.org/coronavirus-covid-19-information/multiple-sclerosis-and-coronavirus (last visited Oct. 19, 2020) (noting that people with MS and mobility issues are more likely to become severely ill with the coronavirus).

In the prison environment, where social distancing is not possible and access to personal hygiene products is limited, Mr. Jones is much less able to abide by the CDC's best practices than are most prisoners, due to his mobility issues, advancing blindness, and incontinence.  He is therefore more likely than others in his facility to contract the virus, and more likely to suffer serious complications if he is infected.  Continuing to expose Mr. Jones to those risks would not serve the interests of promoting respect for the law or providing just punishment.  Nor is the need to provide for his medical care met by continued confinement.  A reduced sentence enabling him to take protective measures under home detention will provide Mr. Jones with access to the most effective manner of medical treatment appropriate to his

individual medical condition in light of the current COVID-19 pandemic.  See section 3553(a)(2)(D).

In addition to the health risks facing Mr. Jones during the pandemic, the role the BOP played in in the progression of his disease is also relevant to the Court's analysis of whether his circumstances are extraordinary and compelling.  Mr. Jones complained of his symptoms as early as 2014, but the BOP neglected to address Mr. Jones' medical needs appropriately until 2017.  (Docket Entry No. 2338, at 3.)  It was not until Sept. 2018 that Mr. Jones was seen by a neurologist.  (Id.)  And it was not until after this Court recommended an additional MRI that Mr. Jones received the MRI that revealed his disease.[2]  (Docket Entry No. 2214, at 36-37; Docket Entry No. 2338, at 6.)  The delay in diagnosis and treatment has accelerated his physical deterioration and intensified his suffering beyond what he likely would have experienced had he received proper medical care.  (Docket Entry No. 2338, Exh. A, at 1.)  Mr. Jones' incarceration has been more severe than the Court intended, as a result of his condition and the BOP's role in the progress of his disease.  That severity has been compounded by restrictions put in place by the BOP in response to the pandemic.  The unexpected severity of his incarceration also counsels in favor of a reduction in order to serve the purposes of just punishment, respect for the law, and adequate deterrence.  The Government does not argue that Mr. Jones is currently a danger to the community, and Mr. Jones has proffered that he has a stable place to reside and financial and personal support.

The Court has considered all of the factors set out in section 3553(a) and finds that there are extraordinary and compelling reasons to reduce Mr. Jones' custodial sentence to

---

[2] Mr. Jones received an MRI in 2016, prior to this Court's recommendation at sentencing. However, that MRI was performed on Mr. Jones' right hip, despite his complaints that the pain he experienced was in his left hip. (Docket Entry No. 23338, at 2.)

time served.  Such reduction is necessary in light of Mr. Jones' medical condition, in the context of the ongoing pandemic and upon consideration of the section 3553(a) factors, to render his custodial sentence sufficient but not greater than necessary to address the sentencing purposes set out in that section.  A lengthy period of supervision, including an additional 2 years of supervision under home detention for the first 12 months with monitoring as determined by the Probation Office, followed by the five-year term of supervised release that was imposed as part of his original sentence, will address the need to promote respect for the law, provide just punishment for the offense, and address any ongoing deterrence and protection of the public concerns.

For the foregoing reasons, the Court grants Mr. Jones' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Mr. Jones' custodial sentence is hereby shortened to time served, and the Court imposes an additional 2 years of supervised release pursuant to 18 U.S.C. section 3582(c)(1)(A).  Mr. Jones will serve the first year of the additional supervised release term on home detention with monitoring as directed by the Probation Office, and will be subject throughout the additional period to the other mandatory, standard and special conditions of supervised release that were imposed in connection with his original sentence by the judgment dated October 5, 2018 (Docket Entry No. 2211).  Upon completion of this additional two-year supervised release period, he will commence the five-year period of supervised release that was imposed by the 2018 judgment.   The Court will also enter an Order on Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release).

This order resolves Docket Entry Number 2338.

SO ORDERED.

Dated: New York, New York
October 19, 2020

              ___/s/ Laura Taylor Swain_____
              LAURA TAYLOR SWAIN
              United States District Judge